THE FAJARDO SUGAR GROWERS ASSOCIATION, Plaintiff and Appellee, v. RAMÓN PÉREZ VILLAMIL ROMANO ET AL., Defendants; JOSÉ PÉREZ VILLAMIL ROMANO, ETC., Defendant and Appellant.

No. 7043.  Argued May 20, 1935.—Decided June 21, 1935.

*Juan B. Soto* and *Juan F. Soto* for appellant.  *Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellee.  *Carlos J. Torres,* in· pro. per., and *Joaquín Vendrell* for defendant Ramón Pérez Villamil Romano.

MR. JUSTICE WOLF delivered the opinion of the court.

On April 9, 1928, Josefa Romano Cestari leased two pieces of property to the Fajardo Sugar Growers Association, the plaintiff in the interpleader proceeding presented in the District Court of San Juan.  The lease was to last

until July 1, 1943. For the property "Cupey" an annual rental of $932.10 was to be paid and $6,017.53 for the property "Venecia," in monthly instalments. "Venecia" was sold to José Pérez Villamil on the 23rd of June 1928, and on the 27th of that month "Cupey" was sold to Ramón Pérez Villamil. On the 8th of August 1928, José and Ramón aforesaid notified the plaintiff that 65 per cent of the total rents due from both properties should be paid to José and 35 per cent to Ramón.

On November 18, 1929, José Pérez Villamil, owner of "Venecia," notified the plaintiff that said property had been sold to Ramón aforesaid and that the rents therefore should be sent directly to the latter. From this date on, for a while, plaintiff paid all the rents to Ramón, owner at the time of both properties. Then, however, according to the complaint, the two Pérez Villamil continued to divide in the proportion of 65 per cent and 35 per cent.

On the 2d of May 1930, José Pérez Villamil again became the owner of Venecia and notified the plaintiff to pay him the rents thereof. The lessee, however, it does not appear exactly why from the complaint, continued to pay 65 per cent of the total rents to José and 35 per cent of the total rents to Ramón. On the 31st of March 1933, Ramón Pérez Villamil notified the lessee of the transfer of the rents, or some of them, arising from both properties to Carlos J. Torres. If we follow the averments of the complaint, whatever the agreements were between José and Ramón, the latter at the time of the alleged transfer was not shown to have any interest in "Venecia." Nothing appears in the complaint that the plaintiff was then acting under orders to divide the rents, 65 per cent for José and 35 per cent for Ramón. The complaint proceeds to show something of a conflict.

In May 1934, María Luisa Rosario, as tutrix for José, notified the plaintiff company to pay the rents for "Vene-

cia", to her, while Carlos J. Torres, as assignee of Ramón Pérez Villamil, notified the company to continue to pay the rents of both properties in the proportion of 65 per cent to José and 35 per cent to Ramón. The annual rents for both properties, according to the complaint, were $6,949.60. Thirty-five per cent of that would amount to over $2,432, while all the rents for "Cupey," clearly belonging to Ramón, would only be $932.10. The difference between these two amounts is $1,500 and both the Pérez, their successors or assignees are claiming that amount from plaintiff. Consequently, the plaintiff deposited $125 or more in court to cover this annual rent of $1,500 and agreed to pay a like amount thereafter. The complainant averred that it was unable to settle the differences between the two Pérez Villamil and asked the court to order the defendants in the interpleader action to litigate among themselves.

Ramón Pérez Villamil and Carlos J. Torres answered admitting a great number of averments of the complaint, but denying that the plaintiff was ignorant of the persons to whom the rents should be paid, and alleging that the complainant had full knowledge of the manner in which the said rents were to be divided. They set up specially that the property "Venecia" in the lease was overvalued and that the Fajardo Sugar Growers Association was not disposed to pay more than $10 an acre for "Venecia," nor was Ramón Pérez Villamil disposed to accept less than $10 an acre for "Cupey." In effect, so the special defense averred, the two brothers José and Ramón had agreed that the Fajardo Sugar Growers Association should pay 65 per cent to José and 35 per cent to Ramón; that José Pérez Villamil and Ramón Pérez Villamil, on the 8th of August 1928, wrote a letter to the Fajardo Sugar Growers Association notifying it of the existence of such agreement and that it, as averred in the answer, should pay during the life of the lease 65 per cent to José and 35 per cent to Ramón. That both the tutrix and

the company knew about this arrangement between the two brothers is attempted to be shown.

The answer of Ramón averred that José Pérez Villamil made the transfer to Ramón to avoid the claims of creditors, and that the transfer back to him from Ramón was made when there was no further danger from such claims. The answer of María Luisa Rosario denied this special agreement.

Among other things, the latter answer asserts that the lease was made by Josefa Romano Cestari and the conditions of rental were expressed in said lease, thus saying or implying that no such rental value as to the acreage was a matter of agreement between the two brothers, but that the value of each property was expressed in the original lease.

The tutrix also averred that José was suffering from a serious nervous illness when some of the foregoing narrated events took place and subsequently became actually insane. The inference that she would have the court make was that José was induced by Ramón to do some of the things that he did, but that he never really parted with his rights to the total rents from "Venecia," as expressed in the original lease from Mrs. Romano Cestari.

There were other facts in the pleadings. The District Court of San Juan granted the prayer of the original complaint and ordered the parties to litigate among themselves.

On the face of the complaint it is somewhat doubtful to us whether from the standpoint of the Fajardo Sugar Growers Association it would not have been justified in paying the tutrix the rents expressed in the lease flowing from the property "Venecia." It is true that at one time the company was notified to divide the rents in proportion of 65 per cent and 35 per cent, but later both properties appeared in the name of Ramón and the company paid the whole amount to him. Subsequently the property "Venecia" was

transferred back to José, and it would appear to a certain extent, at least, that the Fajardo Sugar Growers Association could acquit itself by paying the amounts set forth in the original contract of lease with Mrs. Romano Cestari. In other words, whether the original notice for the division in 65 per cent and 35 per cent if in reality binding, did not become rescinded by the acts of the brothers in making the transfers of "Venecia."

However, we do not feel ourselves in a situation to say that there is absolutely no merit in the claim, legally or equitably, of Ramón Pérez Villamil and Carlos J. Torres. They set out in their answer certain facts which, if true, would subject the plaintiff to conflicting claims. It would follow, if the said answers of Ramón and his assignee were true, that they were interested parties in the claim for $1,500 as heretofore mentioned.

We have before us a motion to dismiss for lack of necessary parties and because the appeal is frivolous. We are not at all convinced that the appeal would be frivolous, but we feel bound to hold that Ramón Pérez Villamil and Carlos J. Torres were interested adverse parties and had a right to be notified of the appeal. They were fully interested in having the litigation proceed, as ordered by the District Court of San Juan.

As we have intimated, we have some doubts in favor of the tutrix, but independently of the technical dismissal here sought, we think, the interest of everybody would be advanced by litigating in the District Court of San Juan as requested by the Fajardo Sugar Growers Association and held by the court.

The appeal will be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.